UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT: WESTERN DISTRICT OF NEW YORK

---

ZACK WALLER and SOMALY KHAM

                    Plaintiff,

    Index No:

-vs-

    **COMPLAINT**

CITY OF BUFFALO POLICE OFFICER ALLEN SMITH, CITY OF BUFFALO POLICE LIEUTENANT JEFFERY RINALDO, CITY OF BUFFALO POLICE OFFICER OBED CASILLAS, and CITY OF BUFFALO POLICE OFFICER AKIM-WAHEED

                    Defendants.

---

### JURY DEMAND

Trial by Jury on all issues is demanded

### PRELIMINARY INTRODUCTION

1.    This is a civil rights action brought pursuant to 42 U.S.C § 1983 for the violation of Plaintiffs' Fourth and Fourteenth Amendments rights of the United States Constitution. The claim arises from a March 7, 2014 incident in which Officers of the City of Buffalo Police Department, acting under color of state law, intentionally and willfully subjected Plaintiffs to, among other things, an unlawful entry into said Plaintiff's home without a warrant, the

unlawful detention of Plaintiff Kham, and the unlawful arrest and subsequent malicious prosecution of Plaintiff Waller.

## PARTIES

2. Plaintiff, Zack Waller, resides at all times here relevant in the City of Buffalo, Erie County, and State of New York.

3. Plaintiff Somaly Kham, resides at all times here relevant in the City of Buffalo, Erie County, and State of New York.

4. Both Plaintiffs resided at 1970 Delaware Ave., Buffalo, N.Y. 14216, Apt. 2, as of March 7, 2014, the date giving rise to the causes of action as set forth in this complaint. Plaintiff Kham still resides at such residence, while Plaintiff Waller is in custody as a result of the violation of his civil liberties on the above-referenced date and time.

5. Upon information and belief, the City of Buffalo, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the City of Buffalo Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of all City of Buffalo Police matters and was responsible for appointment, training, supervision, discipline and retention and conduct of all City of Buffalo personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing rules of the City of Buffalo Police Department, and also ensuring that the City of Buffalo Police Department personnel obey the laws of the United States and the State of New York.

6. Upon information and belief, Defendant Officer Allen Smith, is employed by the City of Buffalo Police Department and was acting in such capacity during the events that give rise to this lawsuit. Smith was the Officer in charge of the case, indicating that he oversaw and authorized all the illegal conduct and civil rights violations as set forth therein.

7. Upon information and belief, Defendant Lieutenant Jeff Rinaldo, is employed by the City of Buffalo Police Department and was acting in such capacity during the events that give rise to this lawsuit.

8. Upon information and belief, Defendant Officer Obed Casillas, is employed by the City of Buffalo Police Department and was acting in such capacity during the events that give rise to this lawsuit.

9. Upon information and belief, Defendant Officer Akim Waheed, is employed by the City of Buffalo Police Department and was acting in such capacity during the events that give rise to this lawsuit.

## JURISDICTION

10. Plaintiffs bring this action to recover damages for the violation of their civil rights under the Fourth Amendment of the United States Constitution, codified at 42 U.S.C. § 1983 and as bestowed upon the states and its citizens through the Due Process Clause by the Fourteenth Amendment of the United States Constitution.

11. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1332 (federal question) and § 1343 (civil rights).

12. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

13. Compensatory and Punitive damages are sought pursuant to 42 U.S.C. § 1983, including but not limited to both Plaintiffs' lost wages, loss of consortium, and the loss of Plaintiff Waller's liberty and freedom pursuant to the illegal and unlawful conduct of the Defendants.

14. Costs and Attorney's fees may be awarded pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. Rule 54.

15. As mandated by the Supremacy Clause, in relations to actions brought pursuant to 42 U.S.C. § 1983, plaintiffs do not have to comply with Municipal Law Section 50-e with regard to filing a Notice of Claim with regard to Federal Causes of Action.

16. At all times here mentioned, Defendants were acting under the color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York, albeit in a conspiratorial, unethical and dishonest manner.

## VENUE

17. This action properly lies in the Western District of New York, pursuant to 28 U.S.C. § 1343(3) because the claims arose in this judicial district and the defendants reside in and /or do business in Erie County.

## FACTUAL BACKGROUND

18. On March 7, 2014, at approximately 7:00 p.m., Plaintiff Zack Waller was attempting to recover his belongings from his vehicle; a 2003 Infinity FX35. The car, while registered to a Lakeya Johnson, was financed and paid for by Plaintiff Waller, giving him a possessory and ownership interest of said vehicle. The car had previously been impounded by the Buffalo Police Department due to Plaintiff Waller having a suspended license. Ms. Johnson had wrongfully retrieved the car from said impound. On March 7, 2014 Mr. Waller came across said vehicle by happenstance while on Delaware Avenue in Buffalo, New York. His intentions were to get his belongings out of said vehicle.

19. Ms. Johnson tried to stop Plaintiff Waller from getting his belongings and in doing so, closed the door on Wallers' arm and took ahold of said Plaintiff. When Plaintiff Waller attempted to get Ms. Johnson off of him, she told a bystander to call the police. Waller stated he would just get his belongings at a different time in an attempt to avoid confrontation, and instead appropriately left the scene.

20. Defendant Officers then went to the residence of Mr. Zack Waller where his nine-month pregnant live-in girlfriend, aka Plaintiff Somaly Kham, was getting ready for bed. Said Plaintiff's son Carmelo was sleeping on the living room sofa.

21. Plaintiffs' apartment is on the second floor and the building contains six units. A key is needed to enter both the building and Plaintiffs' unit. On March 7, 2014, at or about 8:30 pm., Ms. Kham heard a knock at the door to her unit. Upon answering the door, six

to seven Buffalo Police Officers were present, including the named Defendant Officers, who stood at Plaintiffs' doorway with guns drawn. Defendant Rinaldo requested permission for the Police Officers to enter Plaintiff Kham's apartment. Plaintiff Kham unequivocally refused Defendants access. Plaintiff Kham attempted to deny said Officers access by unequivocally stating they could not come into the residence. Defendant Casillas and Wahid then manhandled Plaintiff Kham by extracting her from the apartment and Defendant Officers, with no probable cause that a crime was currently being committed nor consent from any authorized party, successfully entered Plaintiffs' residence without a warrant, consent, or any exigent circumstances.  Plaintiff Kham informed the officers that Plaintiff Waller was not there and asked them numerous times to leave her apartment. Her pleas were ignored by the Defendants.

22. Defendant Rinaldo, while illegally searching the apartment, came across a ten bullet magazine inside a closed closet on one of the top shelves in Plaintiffs' bedroom. While continuing to illegally search the home, Defendant Casillas found an Olympic Arms weapon, which was deemed by Defendants to be an assault rifle. The rifle was behind a dresser/ cubicle, and pressed up against the wall, inconspicuous and indiscernible to the naked eye. The dresser was taller in length than the shotgun in question, which was documented and proven in numerous ways. Defendant Casillas moved the dresser to locate the gun in question, in contrast to sworn testimony he provided in a later proceeding, and in violation of Plaintiffs' rights to be free from unlawful searches and seizures of ones' homes under the Fourth Amendment of the U.S. Constitution as codified by §U.S.C 1983. Kham overheard Defendant Officers and other Officers

6

talking about how a warrant was needed. No warrant was obtained, and such extended search and invasion of Plaintiffs residence continued, in violation of Plaintiffs' civil rights. Defendants ransacked the residence, leaving such home in disarray.

23. Defendant Officers, specifically and primarily Defendant Rinaldo, attempted to coerce Plaintiff Kahn to sign a consent to search the residence form, both before and after the above-referenced items were allegedly seized in the home. Specifically, Defendant Rinaldo threatened Plaintiff Khan that he would call Child Protective Services (CPS), and that the agency would seize her child should she not sign the form in question. Plaintiff Khan, well aware that her civil rights were being violated, refused to sign the form in question, and again asked all Officers to leave the apartment. Her repeat and unequivocal requests that the Defendants' leave Plaintiffs' residence in question were routinely denied by the Defendants, in full earshot of Plaintiff Kham and numerous civilian witnesses.

24. Plaintiff Kham contacted Plaintiff Waller and informed him that the police were looking for him. Waller told Kham his whereabouts, namely that he was on High Street in Buffalo, New York. Plaintiff Kham told Plaintiff Waller they were searching the house, had located the gun, and that he needed to come home. Plaintiff Waller complied and was immediately arrested and put into custody. Even after Plaintiff Waller was in Police Custody, Defendant Officers continued to illegally search the apartment.

25. At this time, the mother of Plaintiff Waller's son, Tamara Ahmed walked into the apartment; she was there to get child support payment. Ms. Ahmed was still on the lease at this time, giving her a higher possessory of the property in question than the

Defendants. As such, she told the Defendants to leave accordingly. Defendants still refused such lawful requests. Ms. Khan was in her nightwear upon answering the door, and had repeatedly asked the Officers if she could change into her clothes. Defendants, along with the remaining heavily armed all male Officers, refused to allow Plaintiff to change accordingly, depriving her of her dignity in an unnecessary display of authoritarianism, and again in violation of her Fourth Amendment Right to be free from unlawful governmental entries in her own home. Plaintiff Kham, pregnant and traumatized, began to hyperventilate due to her physical condition and severe emotional distress. Defendants did not render aid to Plaintiff Kham despite her fragile state.

26. At all times during the events described above, the Defendant Police Officers, were engaged in a joint venture and formed an agreement to violate Plaintiffs' rights. The individual Officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said event. All actors failed to intervene in the obviously illegal actions of their fellow officers, all to the severe detriment of Plaintiffs.

**First Cause of Action for violations of the Fourth and Fourteenth Amendment as per 42 U.S.C. § 1983 for unlawful entry into one's home without a warrant against the CITY OF BUFFALO, CITY OF BUFFALO POLICE OFFICER ALLEN SMITH, CITY OF BUFFALO POLICE LIEUTENANT JEFFERY RINALDO, CITY OF BUFFALO POLICE OFFICER OBED CASILLAS, and in their Official and Individual Capacities.**

27. Plaintiffs, Zack Waller and Somaly Kham repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

28. On or about March 7, 2014, Buffalo Police Department Defendants Smith, Rinaldo, Casillas, and Wahid came to Plaintiffs' residence, then wrongfully and illegally entered the residence without permission of the Plaintiffs, nor with any conceivable legal basis to do so. They did such entry in deprivation of Plaintiffs' right to be free from unauthorized governmental intrusion into their home.

29. The wrongful, unjustifiable, and unlawful apprehension, arrest and detentions of Plaintiff Waller was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion, as such arrest was made pursuant to unlawfully seized evidence, otherwise known as fruits of the poisonous tree, in violation of Wong Sun v. United States, 371 U.S. 471 (U.S. Supreme Court, 1963).

30. For police to gain entry into the private residence of an individual without a warrant, it has been conclusively determined that, absent exigent circumstances (of which there were none here), an otherwise proper warrantless entry of the home is impermissible. Coolidge v New Hampshire, 403 US 443 (Supreme Court of the United States, 1971).

31. The sanctity of the home is equally invaded when entry is made for the purpose of arrest; that the more serious consequences of the latter class of entry provide a more compelling reason to require the authority of a warrant in such a situation. United

States v Reed, 572 F.2d 412, (2nd Circuit Court of Appeals, 1978). See also Accarino v United States, 179 F.2d 456 (District of Columbia Court of Appeals, 1949).

32. Physical invasion of the home is the "chief evil against which the wording of the Fourth Amendment is directed," United States v United States Dist. Ct., 407 US 297, 313 (Supreme Court of the United States, 1972).

33. Despite Defendant Rinaldo and Defendant Casillas sworn testimony to the contrary, Defendants obtained no consent nor authorization to enter Plaintiffs' home, and such testimony to the contrary serves as a continued and protracted seizure of Plaintiffs, ultimately leading to the unlawful imprisonment of Plaintiff Waller, an ordeal which he is scheduled to endure until 2022.

34. Throughout this ordeal, Plaintiff, Zack Waller was unlawfully, wrongfully and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged. Such conduct establishes a §1983 action pursuant to the above-referenced cases.

35. At all times, the unlawful, wrongful, and false arrest and imprisonment of Plaintiff Waller was without a legitimate or legal basis and was made pursuant to unlawfully obtained evidence and a violation of Plaintiff Waller's civil liberties.

36. The Officer Defendants acted under pretense and color of state law in their individual and official capacities and within the scope of their respective employment as City of Buffalo Police Officers. Said acts by Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and

said Defendants acted willfully, knowingly and with the specific intent to deprive Plaintiffs of their constitutional rights secured by the United States Constitution.

37. Said above-referenced actions, both individually and in their entirety, fully disregarded the Constitutional rights of the Plaintiffs to be free of unlawful and unreasonable seizures under the Fourth and Fourteenth Amendments of the Constitution. Such actions were objectively unreasonable when viewed by the perspective of what a reasonable officer would have done under like circumstances.

38. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiffs sustains the damages described herein.

39. The above-referenced misuse of authority and power by Defendant Officers was egregious and shocking to the conscience. As a result, Plaintiffs were caused and will continue to undergo and endure severe mental anguish, hardship, and distress as result thereof, as well as sustaining a substantial loss and restraint upon said Plantiffs' liberty.

40. Such deprivations of Plaintiffs' right to liberty and happiness were in violation of the rights secured to Plaintiffs by the Fourth and Fourteenth Amendments of the United States Constitution as codified by Title 42 U.S.C. § 1983.

41. As a result of the above-referenced defendant's deprivation of Plaintiff's civil and Constitutional rights, Plaintiffs have been damaged in an amount to be determined at trial.

42. Plaintiffs demands costs and attorney fees pursuant to 42 U.S.C. § 1988.

**Punitive Damages against CITY OF BUFFALO POLICE OFFICER ALLEN SMITH, CITY OF BUFFALO POLICE LIEUTENANT JEFFERY RINALDO, CITY OF BUFFALO POLICE OFFICER OBED CASILLAS, and CITY OF BUFFALO POLICE OFFICER AKIL WAHEED, in their Official and Individual Capacities.**

43. Plaintiffs, Zack Waller and Somaly Kham, incorporate by reference all of the allegations set forth herein in this Complaint as if fully set forth herein.

44. As a direct and proximate result of the acts of Defendants, Plaintiffs suffered the following injuries and damages:

   a. Violation of their rights pursuant to the Fourth Amendment of the United States Constitution to be free from the unreasonable search and seizure of their home and person, including the ongoing incarceration of Plaintiff Waller, and the resultant lost wages and

   b. Violation of their rights pursuant to the Fourteenth Amendment of the United States Constitution to due process: Emotional trauma and suffering, including fear, embarrassment, humiliation, harassment, emotional distress, frustration, extreme inconvenience, anxiety; and

   Punitive damages are justified against the above-stated defendants for their deliberate indifference and malice towards the Plaintiffs herein, as exhibited by the continued prosecution and perjury committed by the above referenced individual Officers, leading to the erroneous finding by a State Judge that the evidence found in Plaintiffs' home was lawfully obtained and therefore, was used to justify the basis for a prosecution

against Plaintiff Waller... a prosecution ultimately leading to Plaintiff Waller serving a 5 year term of imprisonment. The fact that such entry was erroneously ruled as being lawful by a State Judge is of no import from the context of collateral estoppel or res judicata as the illegal search of Plaintiffs premises is not foreclosed by collateral estoppel as a consequence of his earlier assertion of that contention in a suppression hearing in defense against criminal charges in state court. To rule otherwise in this case would deprive Plaintiffs of access to a federal forum for their federal constitutional claim, which runs afoul of Federal Law. Johnson v. Mateer, 625 F.2d 240, (Ninth Circuit Ct. of Appeals, 1980).

WHEREFORE, Plaintiffs demand judgment on the above counts against the Defendants, their units, their officers, employees, against and other persons acting in concert or participation with them as stated above, and award the following amounts:

A. Compensatory damages in favor of the Plaintiffs in an amount to be determined by a jury;

B. Exemplary damages in favor of the Plaintiffs;

C. Costs of this action, including reasonable attorney fees to the Plaintiffs Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and

D. Such other relief as the court may deem appropriate.

DATED:     Buffalo, New York
           March 7, 2017

                              The Law Offices of Matthew Albert

                              By: _____
                              Matthew Albert, ESQ.
                              Attorney for Plaintiff
                              Office and P.O. Address
                              254 Richmond Ave.
                              Buffalo, New York 14222
                              (716) 445-4119
                              mattalbertlaw@gmail.com