UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZACK WALLER and SOMALY KHAM,

                Plaintiffs,

v.

ALLEN SMITH, City of Buffalo Police Officer, JEFFERY RINALDO, City of Buffalo Police Lieutenant, OBED CASILLAS, City of Buffalo Police Officer, AKIM WAHEED,[1] City of Buffalo Police Officer,

                Defendants.

**DECISION AND ORDER**
17-CV-212(WMS)

## I. INTRODUCTION

Plaintiffs Zack Waller and Somaly Kham bring this action under 42 U.S.C. § 1983, alleging that the Defendants, all of whom are police officers employed of the City of Buffalo, violated their Fourth Amendment right to be free from unreasonable searches and seizures when the officers searched their home without a warrant, resulting in the seizure of a firearm and, ultimately, the conviction of Plaintiff Waller. Presently before this Court is Defendants' motion to dismiss Plaintiffs' Complaint pursuant to the doctrine articulated by the Supreme Court in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). (Docket No. 18). For the following reasons, Defendants' motion is granted in part and denied in part.

---

[1] Defendant "Ibrahim Abdul-Wahed" is misidentified in the complaint and caption as "Akim Waheed." (See Defendants' Answer, Docket No. 5 ¶ 1.) The Clerk will be directed to correct the caption.

1

## II. BACKGROUND

The following facts, drawn from Plaintiffs' Complaint, are assumed true for purposes of resolving Defendants' motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("[A] judge ruling on a defendant's motion to dismiss a complaint must accept as true all of the factual allegations contained in the complaint." (internal quotation marks omitted)).

At all times relevant, Plaintiffs Zack Waller and Somaly Kham resided together at 1970 Delaware Avenue, Apt. 2, Buffalo, NY 14216 ("the Residence"). (Complaint, Docket No.1, ¶¶2-4). On March 7, 2014, at approximately 7:00 p.m., Plaintiff Waller was attempting to recover his belongings from a vehicle registered to a person named Lakeya Johnson but "financed and paid for" by Plaintiff Waller. (Id. ¶ 18). Johnson attempted to stop Plaintiff Waller from retrieving his belongings; in doing so, Johnson closed the door on Plaintiff Waller's arm and "took ahold of" him. (Id. ¶¶ 18-19). Plaintiff Waller attempted to get Johnson off of him, when Johnson "told a bystander to call the police." (Id. ¶ 19).

Defendant Officers arrived at the scene and then went to the residence of Plaintiffs Waller and Kham. (Id. ¶ 20). Plaintiff Kham, who was pregnant at the time, was at home getting ready for bed, and her son was asleep in the living room. (Id.). At around 8:30 pm, six to seven Buffalo police officers knocked on Plaintiffs' apartment door, then stood at the doorway with guns drawn. (Id. ¶ 21). Defendant Officer Rinaldo asked Plaintiff Kham to enter the apartment; she "unequivocally refused Defendants" entry. (Id.). Defendants Casillas and Wahed then "manhandled Plaintiff Kham by extracting

2

her from the apartment" and entered the residence "without a warrant, consent, or any exigent circumstances." (Id.). Plaintiff Kham told the Defendant Officers that Plaintiff Waller was not home and asked the officers "numerous times" to leave the apartment. (Id.).

While searching Plaintiffs' bedroom, Defendant Officer Casillas retrieved "a ten bullet magazine inside a closed closet on one of the top shelves" and an Olympic Arms firearm which was "behind a dresser/cubicle, and pressed up against the wall, inconspicuous and indiscernible to the naked eye." (Id. ¶ 22). Defendant Officer Casillas moved the dresser to locate the firearm. (Id.). Plaintiff Kham contacted and told Plaintiff Waller that the police were searching for him, had found a gun, and that he needed to come home. (Id. ¶ 24). Plaintiff Waller was thereafter apprehended and taken into custody. (Id.). Both Plaintiffs allege that this search was in violation of the Fourth Amendment. (Id. ¶¶ 28-42).

Plaintiff Waller was ultimately arrested and indicted in Erie County with one count of Criminal Possession of a Weapon in the Second Degree in violation of New York Penal Law §§ 265.03(3) and 265.02(1) and with another charge not relevant to the instant matter. (Docket No. 18-2, ¶¶ 3-4). A suppression hearing was held before the Honorable Deborah A. Haendiges, Justice of the Supreme Court, Erie County, over the dates of January 5, March 4, and March 6, 2015, ostensibly resulting in the admission of the firearm seized during the search (the record does not reflect the result of the suppression hearing). (Id. ¶ 6; Docket Nos. 18-5, 18-6). Plaintiff Waller ultimately pleaded guilty to one count of Attempted Criminal Possession of a Weapon in the Second

3

Degree in violation of New York Penal Law §§ 110, 265.03(3)—again, ostensibly due to the fact that the firearm seized during the search was deemed admissible.  (Docket Nos. 18-2, ¶ 7; 18-8).

Plaintiffs filed the instant action on March 7, 2017.  (Docket No. 1).  Defendants filed an Answer to the Complaint on April 10, 2017.  (Docket No. 5).  The parties subsequently proceeded to discovery with the magistrate judge (Docket Nos. 8, 11, 15, 17), and unsuccessfully attempted mediation (Docket Nos. 13-14).  On March 28, 2018, Defendants filed the instant motion to dismiss.[2]  (Docket No. 18).  Plaintiffs opposed the motion on April 30, 2018.  (Docket No. 20).  Defendants filed a reply on May 15, 2018. (Docket No. 21).

Defendants move to dismiss the Complaint for failure state a claim for relief based on (1) unlawful entry into, and search of, Plaintiffs' home based on the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); (2) false arrest; (3) malicious prosecution of Plaintiff Waller; (4) municipal liability; and (5) any other possible state law claims.  (Docket No. 18-1 at 7-18).  Plaintiffs respond that they only assert a cause of action for unlawful entry into, and search of, Plaintiffs' home. (Docket No. 20 at 2).  Accordingly, the only issue for the Court to address is whether Plaintiffs' Fourth Amendment claims are barred by Heck.

---

[2] Defendants move to dismiss pursuant to Rules "12(b)(6), 12(c), and/or 56."  (Docket No. 18-1 at 4). The docket entry styles the motion as one for summary judgment.  In substance, however, Defendants move to dismiss all claims in the Complaint for failure to state a claim.  (See id. at 7-20).

## III. DISCUSSION

**A.     Rule 12(b)(6) Standard**

Where, as here, a Rule 12(b)(6) motion is filed "after a defendant answers the complaint," it "should be treated as a motion for judgment on the pleadings" pursuant to Rule 12(c).  Wojtczak v. Safeco Prop. & Cas. Ins. Companies, 669 F. Supp. 2d 305, 311 (W.D.N.Y. 2009); Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (holding that "a motion to dismiss for failure to state a claim (or one of the other non-waivable defenses under Rule 12(h)) that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)") (footnotes omitted).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim."  Patel, 259 F.3d at 126 (collecting cases).  "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  Id.  "To survive a Rule 12(c) motion, [the] 'complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678, 129 S. Ct. 1937.  Legal conclusions, however, are not afforded the same presumption of truthfulness.  Id. (the tenet that a court must accept as true all factual allegations contained in a complaint

is inapplicable to legal conclusions).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Id. (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).  Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. 1955.  Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged.  Iqbal, 556 U.S. at 678, 129 S. Ct. 1937.  The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief.  Twombly, 550 U.S. at 556, 127 S. Ct. 1955; Fed. R. Civ. P. 8 (a)(2).  Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible."  Twombly, 550 U.S. at 570, 127 S. Ct. 1955.

**B.    Plaintiffs' Fourth Amendment Claim**

"To maintain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that the defendant, acting under color of state law, denied the plaintiff a constitutional or federal statutory right."  Forney v. Forney, 96 F. Supp. 3d 7, 11 (E.D.N.Y. 2015) (citing 42 U.S.C. § 1983).  The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const., amend. IV.

Plaintiffs allege that Defendants violated their Fourth Amendment rights by entering their home without a warrant and under circumstances that did not present exceptions to the warrant requirement.  (Docket No. 1, ¶¶ 28-42).  Defendants move to

dismiss both Plaintiffs' Fourth Amendment claims as barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) due to Plaintiff Waller's ultimate conviction for attempted criminal possession of a weapon in the second degree. (Docket No. 18-1 at 16). For the reasons discussed below, the Court will grant the motion to dismiss with respect to Plaintiff Waller but will deny it as to Plaintiff Kham.

**1. Plaintiff Waller**

In Heck, the Supreme Court held that a plaintiff may not bring a Section 1983 suit for damages that "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence," unless the plaintiff can show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 487, 114 S. Ct. 2364. As Heck's civil claim relied on his innocence and challenged the validity of the conviction that secured his incarceration, it met none of these criteria; so the Court determined he had no cause of action under Section 1983. "To preserve 'finality and consistency,' the [Heck] Court applied 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.'" Poventud v. City of New York, 750 F.3d 121, 130 (2d Cir. 2014) (quoting Heck, 512 U.S. at 485-86, 114 S. Ct. 2364). In essence, Heck stands for the proposition that civil lawsuits may not be used to collaterally attack criminal convictions.

Thus, when a party seeks damages in a Section 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 at 487, 114 S. Ct. 2364.

As relevant here, Heck articulated the following caveat with respect to Section 1983 claims premised on unreasonable searches and seizures:

> a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

Heck, 512 U.S. at 487, n.7, 114 S. Ct. 2364 (internal citations omitted). Put another way, "because the admission of unlawfully seized evidence does not always require a conviction to be set aside, a conclusion that evidence was unlawfully seized does not require the further conclusion that the plaintiff's conviction was invalid." McCord v. City of New York, No. 13–CV–2008, 2014 WL 2567108, at *3 (AJN) (S.D.N.Y. June 6, 2014); see also Williams v. Ontario Cty. Sheriff's Dep't, 662 F. Supp. 2d 321, 329 (W.D.N.Y. 2009) ("[A] federal court's finding of a Fourth Amendment violation would not necessarily imply that a prior state conviction was unlawful if, despite the constitutional violation, the subject evidence was admissible based on such doctrines as independent source, inevitable discovery, and harmless error."). Courts applying the Heck doctrine in circumstances such as this, therefore, must assess "whether a [person's] victory in in

8

a § 1983 suit would <u>necessarily</u> <u>demonstrate</u> the invalidity of his conviction or sentence . . . ." McKithen v. Brown, 481 F.3d 89, 102 (2d Cir. 2007) (emphasis in original). Accordingly, the Court must determine whether Plaintiffs' success on their Section 1983 claim would necessarily demonstrate the invalidity of Plaintiff Waller's conviction.

While it is unclear from the record the basis on which the firearm recovered during the search was deemed admissible and resulted in Plaintiff Waller's guilty plea to a weapons possession charge, district courts in this Circuit have frequently found that Section 1983 actions targeting a single episode involving a single search, if successful, would necessarily demonstrate the invalidity of a conviction based on that search. In support of this conclusion, district courts have observed that "the doctrines of independent source, inevitable discovery, and harmless error discussed in Heck are not applicable, [such as] where . . . the entire evidentiary basis for the charged offense derive[d] from a single episode involving a single search." Clayton v. City of Poughkeepsie, No. 06–CV–4881 (SCR), 2007 WL 2154196, at *4 (S.D.N.Y. June 21, 2007) (dismissing unlawful search claims as barred by *Heck* where entire criminal case turned on motion to suppress evidence from one search and plaintiff pled guilty immediately after the motion to suppress was denied); Black v. Blackman, No. 11–CV–2372 (BMC)(ALC), 2011 WL 6019394, at *2 (E.D.N.Y. 2011) (where conviction hinged directly on the weapons procured during search, and motion to suppress was denied, an award of damages for an unlawful search would necessarily imply the invalidity of state court conviction).

Here, it appears from the facts pleaded in the Complaint that Plaintiff Waller's

9

conviction of attempted criminal possession of a weapon in the second degree in violation of NY Penal Law §§ 110, 265.03-3 stems solely from the evidence obtained in the March 7, 2014 search that is the subject of the instant Complaint—a single episode involving a single search. See El v. City of New York, No. 14-CV-9055-GHW, 2015 WL 1873099, at *4 (S.D.N.Y. Apr. 23, 2015) ("[D]istrict Courts have frequently found that Section 1983 actions targeting a single episode involving a single search, necessarily demonstrate the invalidity of a conviction based on that search."); Black v. Blackmun, No. 11-CV-2372, 2011 WL 6019394, at *2 (E.D.N.Y. Dec. 1, 2011) ("Because [plaintiff's] conviction [for weapons possession] hinged directly on the weapons procured during [an] allegedly unlawful search, an award of damages would necessarily imply the invalidity of his state court conviction."). Under these circumstances, having pleaded guilty to those charges, success on Plaintiff Waller's Section 1983 claim that the search was unlawful would necessarily imply the invalidity of his conviction. Cf. Monroe v. Gould, 16 CV 2885(VB), 2019 WL 1206700, at *3 (S.D.N.Y. Mar. 14, 2019) (barring under Heck plaintiff's Section 1983 claim based on a single vehicle search yielding cocaine where plaintiff was ultimately convicted of criminal possession of a controlled substance). Accordingly, Plaintiff Waller's claim under Section 1983 that the search of his home violated his Fourth Amendment rights is barred under Heck and must be dismissed.[3]

---

[3] To recover compensatory damages, a civil rights plaintiff "must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which . . . does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." Heck, 512 U.S. at 487 n.7, 114 S. Ct. 2364 (citation omitted). Plaintiff Waller also fails to allege that the search of his home "caused him actual, compensable injury" other than "the 'injury' of being convicted and imprisoned"—which is not cognizable. Id.

### 2. Plaintiff Kham

Defendants also move to dismiss Plaintiff Kham's claim as barred by Heck, arguing that any such successful action would necessarily imply the invalidity of Plaintiff Waller's conviction. (Docket No. 18-1 at 18). Defendants cite no authority for the proposition that Heck bars Section 1983 claims brought by third parties. Courts have sparsely discussed the applicability of Heck to third parties, and no courts within the Second Circuit have squarely addressed this issue. At least one circuit has explicitly held that "Heck does not apply to third-party § 1983 claims," Hayward v. Cleveland Clinic Found., 759 F.3d 601, 616 (6th Cir. 2014), and one has endorsed this approach in an unpublished opinion, see Eberhardiner v. City of York, No. 18-3310, 2019 WL 3544021, at *3 n.2 (3d Cir. Aug. 5, 2019) (unpublished) ("Heck concerned the relationship between a prisoner's criminal conviction and his own § 1983 suit, and it has been applied to bar a third party's § 1983 suit only where the convict was the third party's accomplice.") (internal citation omitted) (emphasis in original).

Heck itself held that where "a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487, 114 S. Ct. at 2372 (emphasis added). A plain reading of Heck suggests that courts are only required to consider whether a successful Section 1983 action brought by a convicted plaintiff would imply the invalidity of *the convicted plaintiff's* conviction. The Heck Court "was concerned that § 1983 and the federal habeas statute were on a collision course," but "[b]ecause such a concern does not extend to the civil rights claims of third parties,"

Plaintiff Kham's claim is not barred by Heck.  Hayward, 759 F.3d at 616.

In Rodriguez v. City of Salinas, the Northern District of California confronted the same proposition that Defendants proffer here.  In that case, a warrantless search of plaintiff's residence resulted in the conviction of a third party, whose weapon was found at plaintiff's residence during the search.  Rodriguez v. City of Salinas, No. 09-CV-02454-LHK, 2011 WL 62500, at *1-2 (N.D. Cal. Jan. 7, 2011).  Plaintiff, too, was charged, but the charges against plaintiff were dismissed.  Id. at *2.  Plaintiff subsequently brought a Section 1983 action asserting, among other claims, that the search violated the Fourth Amendment.  Id.  Defendants moved to dismiss plaintiff's complaint, in part on grounds that the claim was precluded by Heck, arguing that success on the plaintiff's Fourth Amendment claim would undermine the third party's conviction.  Id. at *3.

In rejecting Defendants' argument, the court observed that Heck involved "'the intersection of the two most fertile sources of federal-court prisoner litigation'—the habeas corpus statute and Section 1983." Id. at * 4 (quoting Heck, 512 U.S. at 480). It further observed that the Heck doctrine focused on ensuring that prisoners do not circumvent habeas remedies, and that, as here, "Defendants cite no authority for the proposition that Heck bars a Section 1983 action brought by an individual who has not been convicted of any crime simply because his constitutional claims may have some bearing on the validity of a third party's conviction." Id.  The court continued: "Plaintiff is not a state prisoner, has not been convicted of any crimes, and does not seek to challenge the legality of his conviction. No habeas remedy is, or ever was, available to him as an alternative remedy for the constitutional violations alleged. Accordingly, the law and

reasoning of Heck do not apply." Id.

This case is materially similar to the Rodriguez case with respect to Plaintiff Kham, and the Court is persuaded by the court's reasoning in that case: Plaintiff Kham is not a state prisoner, has not been convicted of any crimes, and therefore cannot be seeking to challenge the legality of a conviction through a habeas remedy (because it is not available to her). Defendants here nonetheless argue that Plaintiff Kham's allegations cannot be accepted because if so, "the firearm in question would have been suppressed and inadmissible at trial"; in other words, Plaintiff Kham's Fourth Amendment allegations cannot stand without assuming the invalidity of Plaintiff Waller's conviction. (Docket No. 18-1 at 18). However, it is well established that "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted," Rakas v. Illinois, 439 U.S. 128, 133–34, 99 S. Ct. 421, 425, 58 L. Ed. 2d 387 (1978) (internal citation and quotation marks omitted), and it is axiomatic that "the Fourth Amendment protects people, not places," Katz v. United States, 389 U.S. 347, 351, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967). Put differently, a single search may be lawful as to one person, but unlawful as to another. Accordingly, the Court will deny Defendants' motion to dismiss Plaintiff Kham's claims as barred by Heck.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff Waller's claim is GRANTED, and their motion to dismiss Plaintiff Kham's claim is DENIED.

## V. ORDERS

IT HEREBY IS ORDERED, that the Motion to Dismiss (Docket No. 18) is GRANTED in part and DENIED in part.

FURTHER, that the Clerk of the Court shall CORRECT the caption of this case to substitute "Ibrahim Abdul-Wahed" for "Akim-Waheed".

SO ORDERED.


Dated: August 20, 2019
Buffalo, New York

                                           /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                        United States District Judge